CHARLES EELS, RESPONDENT, v. THE AMERICAN TELE-
PHONE AND TELEGRAPH COMPANY, APPELLANT.

*Telephone companies — their poles are an additional servitude imposed upon a
highway — the owner of the fee is entitled to compensation.*

In August, 1888, a long-distance telephone company, incorporated under the tele-
graph acts (chap. 265 of the Laws of 1848, as amended by chapter 471 of the
Laws of 1853), was constructing its line along a country highway, upon the side
of which, in front of the farm of Charles Eels, the company, without license
from the owner, placed twelve poles

Upon an appeal from a judgment, in an action of ejectment brought by Eels, in
which he recovered judgment for the possession of the premises, and also
eighteen dollars damages for the detention of possession:

*Held,* that the judgment was proper.

That the legislative acts had no greater effect than to protect the company from
an indictment for maintaining a public nuisance in a highway.

That the erection of such poles was not an ordinary or legitimate use of a highway,
but constituted an additional servitude imposed upon the fee.

That the servitude amounted to a taking of the property of the owner of the fee
within the meaning of the State Constitution, which forbids such taking without
compensation.

APPEAL by the defendant, the American Telephone and Tele-
graph Company, from a judgment of the Supreme Court, entered
in the office of the clerk of the county of Erie on the 5th day of
April, 1892, upon a verdict for the plaintiff for the recovery of the
possession of a part of a highway, subject to the public easement,
and for eighteen dollars damages, and for costs. after a trial at the
Erie Circuit before the court and a jury.

*Sherman S. Rogers,* for the appellant.

*John M. Hull,* for the respondent.

LEWIS, J. :

The plaintiff is the owner in fee of a twenty-five-acre farm in the
town of Alden, bounded on the north by a public highway known
as the Cayuga creek road; his title extends to the center of the road.
This creek road is an ordinary country highway,    The defendant is
a long-distance telephone company, incorporated under the laws of
the State of New York for the incorporation of telegraph companies.

In the month of August, 1888, defendant was engaged in the location and construction of a telephone line along said highway, from Batavia to Buffalo. In constructing said telephone line defendant placed in front of plaintiff's farm on the southerly side of said highway twelve telephone poles, without the license or consent of the plaintiff. This action was thereupon commenced to compel the defendant to remove said poles and to recover possession of the premises occupied thereby, with damages, etc. At the close of the evidence the court instructed the jury that the plaintiff was entitled to a verdict for the recovery of the premises from the defendant, with damages for the detention thereof, and that the only question for them to determine was the amount of damages. Defendant's counsel excepted to the instructions thus given and the jury thereupon found a verdict for the plaintiff for the recovery of the possession of the premises, with eighteen dollars damages for their detention.

The appellant contends that chapter 265 of the Laws of 1848, as amended by chapter 471 of the Laws of 1853, gave the defendant the right to place its poles in the highway in front of the plaintiff's premises, without his consent, and unless this contention can be maintained the defendant's counsel concedes that the case was properly disposed of at the Circuit.

The State has a general supervision over the highways; and by the acts above referred to gave its consent to the defendant to use the highways of the State with its poles and wires. Were it not for this legislation the telegraph and telephone companies would be liable to an indictment as for a public nuisance, if they placed their poles in the highways. The acts referred to protected them to that extent, and no more. The State had not the power and did not assume to give the companies the right to erect their poles in the highway, without the consent of the owners of the fee of the highways. If the occupancy of this highway by the defendant's poles is one of the ordinary and legitimate uses for which highways are established, the defendant is right in its contention. Highways are established to accommodate the public in traveling and transporting their property from place to place by any safe and proper means of communication that the traveler may choose to adopt, provided the means employed are open to be adopted by all who

wish so to do. Any proper carriage propelled by electricity, steam or animal power, may be used, if, after the vehicle has passed over the highway, it is left free and unobstructed, so that any other citizen can use it for like purposes. If means for traveling are adopted, the use of which necessitates appliances in the highway of a permanent character, and the use of which is private and exclusive, that would be an inconsistent and improper use of the highway, and would impose an additional servitude upon the fee. If the placing of permanent appliances in the highway, which are under the control of corporations or individuals, were tolerated, the time might soon come when the highways of the country would be practically monopolized by inventions for the transportation of persons and property. No reason is suggested for the contention of the appellant which does not, with equal or even greater force, apply to a claim for the use of highways by steam railroads. The defendant's poles and wires are placed in and along highways for the use of the public in conversing with each other from distant points, for a consideration to be paid therefor to the defendant. Railroad companies not only provide the public with rapid means of communication with each other, but they also transport people and property from place to place; they perform substantially all the functions of the ordinary conveyances in use upon the public highways; and yet it is the settled law of this State that the appropriation of any part of a highway by the ties and tracks of a railroad is the imposition of an additional burden upon, and the taking of the property of the owner of the fee, within the meaning of the Constitution, which forbids such taking without compensation. (*Williams* v. *N. Y. C. and H. R. R. R. Co.*, 16 N. Y., 97; *Wager* v. *Troy Union R. R. Co.*, 25 id., 526.)

In a note to section 111 of Lewis on Eminent Domain, many authorities, maintaining this doctrine as to railroads, are cited. It is said in section 131 of this work, that the lines of a telegraph or telephone company are on the same footing of a steam railroad; they form no part of the equipment of a public highway, but are entirely foreign to its use. When the fee of the street is in the abutting owner, he is clearly entitled to compensation for the additional burden placed on his land. Authorities are referred to in a marginal note to this section, sustaining the doctrine of the text. To the

same effect are *Dusenbury* v. *Mutual Telegraph Co.* (11 Abb. N. C., 440); *Metropolitan Tel., etc., Company* v. *Colwell Lead Company* (67 How. Pr., 365); *Blashfield* v. *Empire State Telegraph Company* (18 N. Y. Supp., 250).

There are authorities in some of our sister States sustaining the contention of the defendant. The great weight of authority, how-ever, is in accord with the decisions of the courts of this State. By placing its poles in the highway in front of the plaintiff's premises, the defendant imposed an additional servitude upon the highway, and thereby gave to the plaintiff a right to maintain this action.

The judgment appealed from should be affirmed.

DWIGHT, P. J., and MACOMBER, J., concurred.

Judgment appealed from affirmed.